[Civ. No. 12120.   Second Appellate District, Division One.—January 25, 1939.]

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES (a Corporation), Respondent, v. GRACE MILSTEIN, Appellant.

Grace Milstein, *in pro. per.,* for Appellant.

Newlin & Ashburn and George W. Tackabury for Respondent.

THE COURT.—Motion to dismiss an appeal for failure to file transcript within time. ■ The clerk's certificate offered in support thereof indicates that the action is one involving foreclosure of a mortgage upon property owned by appellant, Grace Milstein; that as to said appellant a default judgment was entered on June 3, 1938, whereupon appellant made a motion to set aside the default judgment, which relief was denied on June 14, 1938. On June 22, 1938, appellant herein appealed from the last-named order. Sale of the property was had pursuant to the judgment on July 12, 1938. A bill of exceptions prepared by appellant, after hearing on objections thereto, was finally engrossed and filed in the superior court on August 4, 1938. No record on appeal has been filed in this court to date.

In opposition to the motion, appellant, appearing *in propria persona,* makes affidavit in part as follows:

"That this Defendant and Appellant is without funds to employ an Attorney and has been throughout all the proceedings; that all of the proceedings in this action which have been filed on behalf of defendant and appellant have been only such pleadings as she was able to gather by help and assistance; that not knowing the law this defendant did not know how to perfect her appeal according to the law and therefore had to use whatever information she could gather; that after filing her appeal by a Bill of Exceptions she was informed that it would be necessary for her to have the record printed and transmitted to the District Court of Appeal; that in pursuance of this information she went to

the printing firm of Baird and Parker, Law printers, in the City of Los Angeles, and was informed that it would cost approximately $60.00 to print the record on appeal; that this affiant did not have the money and does not now have the money to print the record on appeal; . . . ''

At the oral argument upon the aforesaid motion to dismiss the appeal, appellant advised that if reasonable time were given her she could arrange to have the bill of exceptions printed and filed in this court.

In view of the fact that this matter has not been heard upon its merits; that the judgment was entered, so far as appellant was concerned, upon the taking of her default which default judgment she sought without delay to have set aside, as indicated by the fact that the same was denied within eleven days after the entry of the default judgment against her; and her appeal being from the 'order denying her motion to set aside the default judgment,—we are of the opinion that the ends of justice herein would be served by ordering this matter on the calendar for further hearing February 27, 1939, at 10 o'clock A. M.; that should appellant on or before the date of such calendar hearing cause to be printed and filed in this court the transcript on appeal, that the motion to dismiss such appeal shall be denied; but in the event such transcript on appeal is not lodged in this court as aforesaid, the motion to dismiss the appeal shall be granted. It is so ordered.